Shawnee S. Perdue, ISB NO. 8888
JOHNSON & MONTELEONE, L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
350 N. Ninth Street, Ste. 500
Boise, Idaho 83702
Voice: (208) 331-2100
Fax: (208) 947-2424
E-Mail via Internet: *shawnee@treasurevalleylawyers.com*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| JODI ZUFELT, | ) |
| | ) **CASE NO.** |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| CANYON COUNTY AMBULANCE | ) |
| DISTRICT, a political subdivision in the State | ) |
| of Idaho, | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMES NOW, Plaintiff Jodi Zufelt, by and through her attorney of record, Shawnee Perdue of the law firm Johnson & Monteleone, L.L.P., and for causes of action against the above-named Defendants, hereby complains and alleges as follows:

**PARTIES**

1. At all relevant times herein mentioned, Plaintiff Jodi Zufelt ("Ms. Zufelt" or "Zufelt) at all times herein mentioned has been, and presently is, a resident of Canyon County, Idaho.

2. Defendant Canyon County Ambulance District (hereinafter "CCAD") at all times herein mentioned has been, and presently is, a governmental entity in the State of Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

3. Defendant John/Jane Does I through V, whose true identities are presently unknown, are entities or individuals acting on behalf or, or in concert with CCAD herein. Defendant CCAD and Defendant John/Jane Does I through V are collectively referred to herein as "Defendants"

4. Based upon the above allegations, venue is proper in this action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331(3) and (4) for violations of federal law, and § 1343 to hear actions to vindicate violations of the federally protected civil rights of Ms. Zufelt under the color of state law. Additionally, this Court shares concurrent jurisdiction with the courts of the state of Idaho in matters arising under the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq*. This Court's jurisdiction over Ms. Zufelt's state law claims is founded upon 28 U.S.C. § 1367.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), because all Defendants are either residents or corporate or governing bodies of the state of Idaho and all acts complained of occurred in Canyon County, Idaho.

7. Zufelt timely filed a complaint with the Idaho Human Rights Commission and the EEOC regarding sex discrimination and retaliation she endured in violation of Title VII and the IHRC. Zufelt received her Notice of Right to Sue on October 15, 2020, and thereby exhausted and completed all administrative remedies.

## GENERAL ALLEGATIONS

8. Ms. Zufelt began working as a paramedic for CCAD in June of 2013. Ms. Zufelt was an excellent employee and received promotions as a result of her leadership and excellent work performance. At the time of her termination, Ms. Zufelt was a Lieutenant Paramedic.

9. At the time of her termination, Ms. Zufelt was the only female member of the leadership at CCAD

10. CCAD has a culture of hostility toward female employees and paramedics. Female paramedic and employees endure bullying, harassment, and disparate treatment from their male coworkers and supervisors.

11. Throughout her employment, including her termination, Ms. Zufelt endured ongoing gender discrimination in the form of bullying, hostile work environment, disparaging comments, and harsher or disparate treatment than her male coworkers.

12. Beginning in 2015, Ms. Zufelt began identifying the supervisors and employees that would harass and bully herself and other female employees. In 2015, Ms. Zufelt identified in her Performance Review Employee Survey that Steve Blados and Alan Foster bullied and harassed female employees.

13. Female employees, including Ms. Zufelt, were regularly subject to derogatory name calling, micromanaging, belittling, disproportionate discipline.

14. At the end of 2017 or beginning of 2018, Ms. Zufelt voiced her concerns regarding the discrimination endured by herself and other female employees.

15. During a human resources training during this time frame, Ms. Zufelt raised the issue to human resources that there was significant discrimination and bullying occurring by members of the leadership. Ms. Zufelt reported to Dan Bates that Alan Foster, Steve Blados, and Tim Rines regularly bullied and harassed female employees, including herself.

16. Mr. Rines has received numerous complaints and reprimands as a result of his discriminatory, demeaning, and threatening conduct toward female employees. CCAD required Mr. Rines to take an "anger management" course and he remained employed CCAD.

17. Mr. Blados had previously been demoted as a result of his anger, lack of self control, and discriminatory conduct toward female employees.

18. In 2018, after her report to Mr. Bates, Ms. Zufelt was increasingly targeted by Mr. Foster and Mr. Blados for voicing her concerns.

19. Ms. Zufelt was subject to discipline that was widely accepted for her male counterparts. Ms. Zufelt was falsely disciplined for conduct she did not engage in.

20. For example, on or about February 4, 2018, Ms. Zufelt was written up for comments she did not make during a staff meeting.

21. For example, on or about January 25, 2019, Ms. Zufelt was written up for calling in late to an overtime shift because she was coming form her second job. Several male employees hold second jobs outside CCAD and routinely call in late and are never disciplined.

22. After her report, Mr. Blados and Mr. Foster were openly hostile, demeaning, and belittling to Ms. Zufelt in front of employees. This was incredibly humiliating to Ms. Zufelt.

23. Chief Michael Stowell was aware of the complaints made by Ms. Zufelt, and the hostile work environment and retaliation she endured as a result of voicing her concerns.

24. On or about July 10, 2019, Michael Stowell, Chief of CCAD advised Ms. Zufelt of his intent to terminate her in person and in writing.

25. On July 15, 2019, Ms. Zufelt advised of her desire to appeal the decision to terminate her.

26. On July 18, 2019, Ms. Zufelt participated in a "good-faith" hearing conducted by Michael Stowell. In the hearing, Ms. Zufelt expressed that her termination was discriminatory and was made on the basis of her gender and in retaliation for reporting and standing up to the discrimination, harassment, and bullying of leadership.

27.   Ms. Zufelt's concerns were ignored and she was formally terminated on July 19, 2019.

28.   CCAD's discriminatory practices in Ms. Zufelt's employment and specifically her termination has long lasting effects.

29.   As a result of Defendants' actions and inactions, Ms. Zufelt suffered severe emotional distress including depression, anxiety, loss of appetite, and inability to sleep.

## COUNT ONE

*Gender Discrimination in Employment in Violation of Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act*

30.   Ms. Zufelt incorporates herein by reference all the foregoing and following allegations of the Complaint.

31.   Under the provisions of Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act, Ms. Zufelt is a covered employee, and CCAD, an employer with over fifteen employees, is a covered entity.

32.   The actions of CCAD deprived Ms. Zufelt of opportunities and adversely affected Ms. Zufelt's employment because of her gender in violation of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq*., and the Idaho Human Rights Act, Idaho Code § 67-5901 *et.seq*., which prohibits discrimination based on gender.

33.   As a result of CCAD's violation of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq*., and the Idaho Human Rights Act, Idaho Code § 67-5901 *et.seq*., Ms. Zufelt is entitled to compensatory damages including, but not limited to, lost wages and lost benefits in an amount to be determined with specificity at trial.

34.   Ms. Zufelt is entitled to recover her attorney fees and costs incurred in pursuing this matter pursuant to any and all applicable provisions of federal or Idaho law.

35. Ms. Zufelt reserves this paragraph for the inclusion of a claim for punitive damages.

## COUNT TWO

*Retaliatory Discharge of Employment in Violation of Title VII of the Civil Rights Act of 1964, and the Idaho Human Rights Act*

36. Ms. Zufelt incorporates herein by reference all the foregoing and following allegations of the Complaint.

37. Ms. Zufelt engaged in protected activity by reporting conduct that she perceived to be gender harassment and discrimination.

38. In response to Ms. Zufelt's reporting of gender discrimination, CCAD retaliated against Ms. Zufelt, ultimately terminating her employment.

39. The adverse actions taken against Ms. Zufelt in response to her engaging in protected activity is a violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. and the Idaho Human Rights Act, Idaho Code § 67-5901 *et.seq*, which prohibits such retaliation against Ms. Zufelt.

40. Ms. Zufelt is entitled to compensatory damages including, but not limited to, lost wages and lost benefits in an amount to be determined with specificity at trial.

41. Ms. Zufelt is entitled to recover her attorney fees and costs incurred in pursuing this matter pursuant to any and all applicable provisions of federal or Idaho law.

42. Ms. Zufelt reserves this paragraph for the inclusion of a claim for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Zufelt prays for Judgment, Order and Decree of this Court as follows:

1. For judgment of the court awarding Ms. Zufelt damages in excess of $10,000.00, for both economic and non-economic damages, incurred as a result of CCAD's termination of Ms. Zufelt in violation of the Idaho Public Employee Protection Act, Title VII of the Civil Rights Act, and the Idaho Human Rights Act.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

2.  For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104.

3.  For Ms. Zufelt's reasonable attorney fees and costs incurred in prosecuting this action; and

4.  For such other and further relief as court deems just and necessary.

## DEMAND FOR JURY TRIAL

Ms. Zufelt hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

DATED this   11th   day of January, 2021.

JOHNSON & MONTELEONE, L.L.P.

_____
Shawnee Perdue
Attorneys for Plaintiff